UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

_____

**This Document Relates to:**

*Max and Sue Ridings v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* No. 3:15-px-416 DRH-SCW

## ORDER

**HERNDON, District Judge:**

This Court is the transferee court presiding over the Multidistrict Litigation ("MDL") known as *In re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation,* MDL no. 2385. On May 28, 2014, after an extensive mediation process supervised by the Court and the Special Master, the defendants and the Pradaxa Claimants' Negotiating Counsel executed a Master Settlement Agreement implementing a global settlement for MDL 2385. To date, the cases involved in the global settlement have been dismissed, the JPML has suspended transfer of tag-along actions to this litigation, and this litigation has concluded.

Presently pending is the plaintiff's motion seeking issuance of a suggestion of remand to the Western District of Missouri, The defendant is not opposed. Considering the status of this litigation and the plaintiff's unopposed motion, the Court agrees that the above captioned case will not benefit from further coordinated proceedings in this MDL. Accordingly, the Court feels that remand is

now appropriate and suggests to the MDL Panel that the above captioned case be remanded to the transferor court for final disposition.[1] Further, the Court DIRECTS the Clerk to forward a copy of this Order to the Clerk of the JPML.

**IT IS SO ORDERED.**

Signed this 28th day of April, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.04.28 16:33:33 -05'00'

**United States District Court**

---

[1] The federal multidistrict litigation statute, 28 U.S.C. § 1407, mandates that each transferred action "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a). The ultimate decision of whether to remand a case from a transferee court rests with the MDL Panel. See 28 U.S.C. § 1407. However, "[i]n considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. . . ." *In re Data General Corp. Antitrust Litigation*, 510 F. Supp. 1220, 1226 (J.P.M.L. 1979), quoting *In re Holiday Magic Sec. & Antitrust Litigation*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).